UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMMON ORGILL<br><br>Plaintiff,<br><br>v.<br><br>BETTER HOLDCO, INC.<br><br>Defendant. | Case No.:  22-CV-9410<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Ammon Orgill, ("Plaintiff") by and through his attorneys, Danny Grace PLLC, as and for his Complaint in this action against Better HoldCo, Inc. ("Better") alleges upon personal knowledge and upon information and belief as to the matters as follows:

**NATURE OF THE CLAIMS**

1. This is an action for declaratory, injunctive, and equitable relief, as well as monetary damages to redress Defendant's unlawful employment practices against Plaintiff, including violations of the New York Labor Law ("NYLL"), specifically unpaid wages (NYLL §193, NYLL §198) and breach of contract.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1332 as this action involves diversity jurisdiction and an amount in controversy in excess of $75,000.00.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. §1391, because Defendant is headquartered in this district, and Defendant regularly transacts business in the State of New York and the Southern District of New York.

## THE PARTIES

2. Plaintiff, Ammon Orgill, is an individual who is domiciled in the State of Utah.

3. Defendant Better HoldCo, Inc. is a Foreign Business Corporation, incorporated in the State of Delaware, and whose head offices are located at 3 World Trade Center, Floor 59, New York, NY 10007, and were for the entirety of Plaintiff's employment, and who at all relevant times transacted business regularly in the County of New York, within the State of New York. At all relevant times, Defendant Better met the definition of "employer" under all applicable statutes.

## FACTS

**Breach of Contract/ Unjust Enrichment/ Promissory Estoppel**

4. Plaintiff was offered a position with Defendant as a Business Lead, Strategy and Business Operations on December 15, 2020. **Exhibit 1**.

5. Plaintiff began his employment with Defendant January 5, 2021.

6. Subsequent to his hiring, the mortgage market began to undergo significant changes that had a dramatic effect on Better's financial soundness. After a series of layoffs, Better initiated a large-scale offering of voluntary departure packages for all of its corporate employees. Plaintiff was one of the employees who was offered a departure package in exchange for his resignation.

7. Plaintiff entered into a written Separation and General Release Agreement ("Agreement") with Defendant on April 11, 2022. A copy of the Agreement is annexed hereto as **Exhibit 2.**

8. Plaintiff ended his employment with Defendant on April 15, 2022.

9. Per paragraph eight (8) of the Agreement, Plaintiff was to be compensated $41,353.85:

> i. Consideration. As good consideration for Employee's execution and delivery of this Agreement, Employer shall provide Employee with lump sum payment of $41,353.85 less applicable withholdings and customary payroll deductions, which is the approximate equivalent of **sixty (60) working days** Employee's base salary, to be paid within twenty-one (21) days after Employer's receipt of this signed Agreement.

10. For the entirety of his employment, Plaintiff's duties included, but were not limited to: supporting the Head of Strategy & Operations in drafting and distributing communications to the organization, assisting with project management of the planning process, partnering with other functions and teams to ensure alignment of work, and assisting with realizing initiatives related to people operations and people management.

11. Throughout his employment, Plaintiff excelled in his work performance.

12. Plaintiff's contributions and performance were consistently praised and recognized by managers and supervisors.

13. Despite sufficient evidence that Plaintiff performed his obligations under the Agreement, Defendant failed to pay Plaintiff the contracted amount, $41,353.85.

14. To date, Plaintiff has not received any of the $41,353.85 contracted for in exchange for his resignation from Defendant.

15. Plaintiff would not have resigned from Better in the absence of the departure package and Agreement.

**NYLL – Withholding Wages**

16. The $41,353.85 owed to Plaintiff pursuant to the Agreement constitutes wages under New York Labor Law.

17. The Agreement defines the money to be paid to the Plaintiff as the "approximate equivalent of **sixty (60) working days** Employee's base salary..."

18. Defendant withheld Plaintiff's duly earned wages and other employee benefits in violation of the NYLL, which expressly prohibits employers from withholding employees' wages and benefits.

19. At all relevant times, Defendant met the definition of "employer" under all relevant statutes.

20. At all relevant times, Plaintiff met the definition of "employee" under all relevant statutes.

21. To date, Defendant has failed to pay Plaintiff his duly owed $41,353.85, per the Agreement.

22. This Complaint ensues.

**FIRST CAUSE OF ACTION**
**(Withholding of Wages in Violation of NYLL)**

23. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

24. The $41,353.85 owed to Plaintiff pursuant to the Agreement constitutes wages under the New York Labor Law.

25. Defendant failed to pay Plaintiff per the terms of the Agreement without cause.

26. Specifically, Defendant failed to pay Plaintiff any of the contracted amount of $41,353.85.

27. As a direct and proximate result of the Company's unlawful conduct in violation of NYLL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages, liquidated damages, and attorney's fees.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

28. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

29. The Parties entered into a contract by and through Defendant's agreement to pay Plaintiff by the terms of the Agreement in exchange for Plaintiff's resignation. *See **Exhibit 1***.

30. Plaintiff performed his bargained-for obligations under the valid Agreement by tendering his resignation.

31. Mutual consideration was present, and all parties had the competence and consent to enter into the contract.

32. Defendant breached the Agreement by failing to compensate Plaintiff by the terms of the Agreement, specifically by failing to compensate Plaintiff the $41,353.85 owed to him.

33. By reason of said breach of contract, and failure to compensate Plaintiff in accordance with the Agreement, Plaintiff is entitled to damages in an amount to be proven at trial

but no less than $41,353.85 per the Agreement, plus pre-judgment interest, damages, costs, and attorney's fees.

### THIRD CAUSE OF ACTION
### (Promissory Estoppel)

34. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

35. Defendant made a clear and unambiguous promise to compensate Plaintiff exchange for his resignation from the Defendant in the form of $41,353.85.

36. Plaintiff acted and relied upon that promise by accepting the terms of the agreement, forfeiting his employment.

37. Plaintiff suffered significant detriment as a result of his reliance, as he did not receive the $41,353.85 as promised by Defendant per the Agreement.

38. Plaintiff would not have tendered his resignation had Defendant not promised to compensate him pursuant to the terms of the Agreement.

39. Injustice would result if Defendant' promise of compensation pursuant to the Agreement is not enforced.

40. By reason of said injustice, Plaintiff is entitled to damages in an amount to be proved at trial but no less than $41,353.85 in unpaid wages plus pre-judgment interest, damages, costs, and attorney's fees.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

41. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

42. Plaintiff conferred a benefit on Defendant by tendering his resignation and accepting the terms of the Agreement.

43. Defendant accepted that benefit by accepting his resignation in exchange for a payment of $41,353.85.

44. As a result, Defendant, its owners and subsidiaries were unjustly enriched to the detriment of Plaintiff.

45. It is against equity and good conscience to permit Defendant to retain the benefit of Plaintiff's resignation without just compensation in an amount to be proven at trial but no less than $41,353.85, plus pre-judgment interest, damages, costs, and attorney's fees.

**WHEREFORE**, it is respectfully requested that this Court grant judgment to Plaintiff and against Defendant as follows;

A. A declaratory judgement that the actions, conduct, and practices of Defendant complained of herein violate the laws of the State of New York.

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. Damages in an amount to be proved at trial, together with interest;

D. For costs of suit, disbursements and statutory attorney's fees incurred herein;

E. For an award of statutory liquidated damages;

F. For an award of compensatory damages;

G. For an award of punitive damages; and

H. For such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable

Dated: October 28, 2022
      New York, New York

                              DANNY GRACE PLLC

                              _____/s/_____
                              By: DOUGLAS MACE, ESQ.
                              Attorney for the Plaintiff
                              225 Broadway, Suite 1200
                              New York, New York 10007
                              Tel: 516.748.9848